UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM McCURDY, an individual,

        Plaintiff,

v.

COUNTY OF KENT, a municipal corporation,

        Defendant.

Case No. 1:26-     -CV

Hon:

| | |
|---|---|
| William F. Piper (P38636)<br>William F. Piper, P.L.C.<br>***Attorney for Plaintiff***<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: 269.321.5008<br>Fax: 269.321.5009<br>Email: wpiper@wpiperlaw.com<br>legal@wpiperlaw.com | |

## **COMPLAINT**

The plaintiff, William McCurdy, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

### **JURISDICTIONAL ALLEGATIONS**

1.      The Plaintiff William McCurdy is an African American man who resides in the Village of Caledonia, County of Kent, State of Michigan, and he resided there at all times relevant to this complaint.

2.      The defendant County of Kent is a municipal corporation and political subdivision of the State of Michigan in the County of Kent, State of Michigan, at all times relevant to this complaint.

3.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 1981, 42 U.S.C. § 1981a, and the Michigan Elliott-Larsen Civil Rights Act,

MCL 37.2101 et seq., for unlawful employment discrimination based on race and age.

4.      Jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1347.

5.      This lawsuit arises out of Plaintiff William McCurdy's applications for

employment with Defendant and Defendant's failure to hire him for the Investigator

positions in December 2024 through March 2025.

6.      The E.E.O.C. issued a right to sue letter on February 12, 2026.

**COMMON ALLEGATIONS**

7.      The Plaintiff restates and realleges as though fully set forth herein paragraphs 1–6

of this complaint.

8.      The Plaintiff, who is 57 years old and African American, applied for an

Investigator position with the Kent County Office of the Public Defender in late 2024.

9.      Plaintiff possessed extensive qualifications for the position, including more than

twenty (20) years of investigative and law enforcement experience.

10.     Plaintiff's experience includes work as an investigator for a public defender's

office, a police department, and a state agency handling civil rights investigations.

11.     Plaintiff also has experience working with individuals involved in the criminal

justice system, including those experiencing homelessness, substance abuse issues, and

mental health challenges.

12.     Plaintiff was selected for and participated in an interview for the Investigator

position on or about December 8, 2024 in front of an all-white interview panel.

13.     Despite his qualifications, Plaintiff was not selected for the position.

14.    Defendant instead hired two individuals who were substantially younger than the 57-year-old Mr. McCurdy and, upon information and belief, white.

15.    Upon information and belief, at least some of the individuals selected for the position possessed qualifications that were inferior to Plaintiff's qualifications.

16.    Defendant claimed that Plaintiff was not selected based on subjective criteria, including alleged interview performance and "fit," but those reasons were false and pretexts.

17.    Defendant's stated reasons for not hiring Plaintiff were false and pretextual.

18.    Plaintiff's experience and background were directly aligned with the duties of the Investigator position, including working within a public defender system and engaging with vulnerable populations.

19.    After the initial hiring decision, Defendant reposted the Investigator position.

20.    Plaintiff reapplied for the reposted position on December 10, 2024. The Defendant delayed in responding to his second application.

21.    Defendant did not offer Plaintiff an additional interview.

22.    Defendant ultimately hired another individual for the reposted position who was a mortgage loan officer with no criminal investigation experience who was white or Hispanic.

23.    Upon information and belief, the individual hired for the reposted position had less relevant investigative experience than Plaintiff.

24.    Defendant's failure to hire Plaintiff was motivated, in whole or in part, by Plaintiff's race.

25.    Defendant's failure to hire Plaintiff was also motivated, in whole or in part, by Plaintiff's age.

26.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including lost wages, lost employment opportunities, embarrassment, humiliation, and emotional distress, and additional travel expenses.

27.    The E.E.O.C. issued Mr. McCurdy a right to sue letter on February 12, 2026.

28.    Around the same time, Defendant demoted an African American investigator, demoted an African American attorney, and terminated an African American investigator.

## COUNT I – RACE DISCRIMINATION

29.    The Plaintiff restates and realleges as though fully set forth herein paragraphs 1– 28 of this complaint.

30.    Plaintiff is a member of a protected class based on his race.

31.    Defendant is an employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act.

32.    Plaintiff was qualified for the Investigator position.

33.    Defendant failed to hire Plaintiff because of his race.

34.    Defendant treated similarly situated applicants outside Plaintiff's protected class more favorably.

35.    Defendant's actions constitute unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, and 42 U.S.C. § 1981a, and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

36.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages set forth above.

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his damages past and future plus punitive damages, whatever equitable relief is appropriate, costs, interest, and attorney fees.

## COUNT II – AGE DISCRIMINATION

37.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1–36 of this complaint.

38.    Plaintiff is a member of a protected class based because of his age.

39.    Plaintiff was qualified for the Investigator position.

40.    Defendant failed to hire Plaintiff because of his age.

41.    Defendant treated younger applicants more favorably.

42.    Defendant's actions constitute unlawful discrimination on the basis of age in violation of the Age Discrimination Employment Act and the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

43.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered the damages as set forth above.

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate him for his damages past and future plus whatever equitable relief is appropriate, liquidated damages, costs, interest, and attorney fees.

Dated:  May 14, 2026                        WILLIAM F. PIPER, PLC.
                                            Attorney for Plaintiff

                                            By:    /s/ William F. Piper
                                                   William F. Piper (P38636)